UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

STEVE BERKSON,                                  :          **CASE NO. 18-cv-2109 (RA)**

    Plaintiff,                              :

                                                                       **DEFENDANT FELIPE GRIMBERG**
                                                                  **AND DEFENDANT FINE ARTS**

      -v.-                                  :          **SERVICES, INC.'S ANSWER**
FELIPE GRIMBERG, individually,                              **TO THE FIRST CAUSE OF ACTION**
FELIPE GRIMBERG FINE ART, and    :          **OF PLAINTIFF STEVE BERKSON'S**
FINE ARTS SERVICES, INC.,                              **COMPLAINT**


    Defendants.                              :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

    Defendants Felipe Grimberg and Fine Arts Services, Inc., (collectively, "the Grimberg Defendants") hereby file their Answer to the general allegations of the Complaint of Plaintiff Steve Berkson ("Berkson") and to its First Cause of Action. The Grimberg Defendants are separately moving to dismiss the Complaint's Second Cause of Action.  Defendant Fine Arts Services, Inc., is moving to dismiss Defendant Felipe Grimberg Fine Art as it is not a legal entity but only a fictitious name under which it does business.

    The below paragraphs correspond to the numbered paragraphs of Berkson's Complaint. Any allegations not specifically admitted are denied.

    1.  Admitted only that this case involves the Botero Painting.  Without knowledge as to the rest of the allegations and, therefore, denied.

    2.  Admitted only that the Grimberg Defendants are aware of a recent effort to sell the Botero Painting, that the Grimberg Defendants claim ownership of it, and that their attorneys

have asserted their interest in regaining possession of it.  Denied as to the balance of the allegations.

3.   Admitted only that the First Cause of Action seeks a declaratory judgment. As to the balance of the allegations, without knowledge and, therefore, denied.

4.   Without knowledge and, therefore, denied.

5.   Admitted.

6.   Denied.  Defendant Felipe Grimberg Fine Art is a registered fictitious name for Defendant Fine Arts Services, Inc.

7.   Admitted.

8.   Admitted Defendant Grimberg has transacted business in the State of New York, including related to the Botero painting.  To the extent this paragraph asserts a legal conclusion no answer is required.

9.   Denied that this allegation shows venue in this District, under 28 U.S.C., § 1391(b). As to the balance of the allegation, without knowledge and, therefore, denied.

10.  Without knowledge and, therefore, denied.

11.  Without knowledge and, therefore, denied.

12.  Without knowledge and, therefore, denied.

13. Without knowledge and, therefore, denied.

14.  Without knowledge and, therefore, denied.

15.  Admitted only that Arcature Gallery was seeking to sell the Botero Painting.  As to the balance of the allegations, without knowledge and, therefore, denied.

16.  Admitted that the Grimberg Defendants became aware that Arcature Gallery was offering to sell the Botero painting and that the January 5, 2018, letter contained the quoted language.

**MOSCOWITZ & MOSCOWITZ, P.A.**
201 Alhambra Circle, Suite 1200, Coral Gables, Florida 33134 • Telephone 305.379.8300 • Facsimile 305.379.4404

17. Without knowledge and, therefore, denied.

18. Admitted only that Berkson's attorneys asserted in discussions with the Grimberg Defendants' lawyers that their client is the rightful owner of the Botero painting. Otherwise, without knowledge and, therefore, denied.

19. Admitted that the Grimberg Defendants' attorneys sent a letter on February 7, 2018, to Berkson's attorneys which included the quoted language.

20. Admitted only that the Grimberg Defendants' claim of ownership to the Botero painting relates to their transactions with Cohen in 2000, that those transactions have been the subject of other litigation in New York to which they have been parties and in which statements by the Grimberg Defendants were made which may, in part, be a matter of public record. Otherwise, denied.

21. Admitted.

22. Admitted that the Grimberg Defendants believed that they were engaging in the described transaction with Cohen. To the extent this paragraph alleges it was a bona fide sales transaction, denied. To the extent this paragraph contains legal conclusions no answer is required.

23. Admitted. To the extent this paragraph contains legal conclusions no answer is required.

24. Admitted that the quoted language is contained in deposition testimony given by Defendant Felipe Grimberg. Denied that this excerpt fairly describes the circumstances surrounding the transaction with Cohen relating to the Botero painting.

MOSCOWITZ & MOSCOWITZ, P.A.
201 Alhambra Circle, Suite 1200, Coral Gables, Florida 33134 • Telephone 305.379.8300 • Facsimile 305.379.4404

25.  Admitted that the quotation is from the answer in the interpleader action. Denied that this excerpt fully and fairly describes the Grimberg Defendants' allegations and claims in that pleading and the circumstances of the transaction, as described in that pleading.

26.  Admitted that the Grimberg Defendants alleged they were entitled to coverage for the loss of the Botero painting, that the District Court's order granting summary judgment to the insurer so held as part of its order, and that the Second Circuit affirmed that order on different grounds.

27.  Admitted that the Grimberg Defendants' counsel have asserted a claim to the Botero painting on their behalf to Berkson's counsel. Otherwise, denied.

## First Cause of Action

28.  The Grimberg Defendants' responses to paragraphs 1 through 27 are incorporated by reference.

29.  Without knowledge and, therefore, denied.

30.  Admitted that the Grimberg Defendants have asserted a rival claim to ownership of the Botero painting and that the Grimberg Defendants' lawyers have told Berkson's lawyers, among other things, that the Grimberg Defendants intend to proceed to recover the Botero Painting from Berkson.

31. Admitted that there is a ripe and justiciable controversy regarding the ownership of the Botero painting. Otherwise, denied.

32.  Denied that Berkson is entitled to the requested relief.

MOSCOWITZ & MOSCOWITZ, P.A.
201 Alhambra Circle, Suite 1200, Coral Gables, Florida 33134 • Telephone 305.379.8300 • Facsimile 305.379.4404

## AFFIRMATIVE DEFENSES

### First Affirmative Defense
### (Unjust Enrichment)

If judgment is issued declaring Berkson is the owner of the Botero painting, he will be unjustly enriched.

### Second affirmative Defense
### (Berkson Is Not A Good Faith Purchaser For Value)

On information and belief, Berkson is not a good faith purchaser for value of the Botero Painting.

### Third Affirmative Defense
### (Statute of Limitations)

The limitations period began to run no later than early 2001, when Berkson was sued in *Nahmad v. Berkson*, for his purchase of another painting from Cohen in the same time period, in which the circumstances of Cohen's fraudulent conduct in his acquisition of art from other dealers was also at issue.

### Fourth Affirmative Defense
### (Laches)

The Grimberg Defendants have been unreasonably prejudiced by Berkson's delay in bringing this action.

### Fifth Affirmative Defense
### (Unclean Hands)

Berkson waited nearly 17 years to seek to quiet title to the Botero painting and, on information and belief, was seeking to sell it without admitting to prospective buyers its problematic provenance.

MOSCOWITZ & MOSCOWITZ, P.A.
201 Alhambra Circle, Suite 1200, Coral Gables, Florida 33134 • Telephone 305.379.8300 • Facsimile 305.379.4404

**Reservation Of Rights**

The Grimberg Defendants reserve their right to amend their affirmative defenses based

on further discovery.

Dated: April 3, 2018                          Respectfully Submitted,

                                              Moscowitz & Moscowitz, P.A.
                                              *Counsel for Felipe Grimberg,*
                                              *Felipe Grimberg Fine Art*, and
                                              *Fine Arts Services, Inc.*,
                                              201 Alhambra Circle, Suite 1200
                                              Coral Gables, FL 33134
                                              Telephone: (305) 379-8300
                                              Facsimile: (305) 379-4404

                                              By: *s/Norman A. Moscowitz*
                                                   Norman A. Moscowitz
                                                   nmoscowitz@moscowitz.com


**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 3, 2018, I electronically filed the foregoing with the

Clerk of Court using the CM/ECF.  I also certify that this document is being served today on all

counsel of record either by transmission of Notices of Electronic Filing generated by CM/ECF or

by electronic mail.


                                              *s/Norman A. Moscowitz*
                                              Norman A. Moscowitz