# Withers Bergman LLP

430 Park Avenue, 10th Floor, New York, New York 10022-3505
t: +1 212 848 9800
f: +1 212 848 9888
www.withersworldwide.com

April 11, 2018

**BY ECF**

Honorable Ronnie Abrams
United States District Judge
Southern District of New York
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, New York  10007

Re:  *Berkson v. Grimberg et al.*, Civil Action No.: 18-cv-2109 (RA)

Dear Judge Abrams:

Counsel for Plaintiff Steve Berkson ("Plaintiff") and Defendants Felipe Grimberg, Felipe Grimberg Fine Art, and Fine Arts Services, Inc. (collectively, "Defendants") jointly write to the Court pursuant to the Court's Order and Notice of Initial Conference, filed on March 12, 2018 (Docket No. 3). We write on behalf of our respective clients to provide the Court with the following information:

## Description of the Nature of the Action and Principal Defenses

This is a dispute over ownership of a painting by the artist Fernando Botero (the "Botero Painting") which the Plaintiff values at $1.4 - $1.5 million.  Plaintiff is in possession of the Botero Painting.

a. Plaintiff's Description

Plaintiff alleges he has continuously possessed the Botero Painting since he purchased it in 2000 from an art dealer named Michel Cohen ("Cohen").  It is Plaintiff's position that he has owned the Botero Painting since 2000 and that he purchased it in good faith for full market value.  Plaintiff recently decided to sell the Botero Painting, and subsequently contacted an art gallery in Florida named Arcature Fine Art ("Arcature Gallery") to facilitate the sale.  When Defendants learned of Arcature Gallery's efforts on behalf of Plaintiff to sell the Botero Painting, counsel for Defendants sent a letter to Arcature Gallery, on January 5, 2018, alleging that the Botero Painting "was wrongfully taken from [Grimberg] in and around 2000/2001 by Michael Cohen," and further stating that "Mr. Grimberg intends to proceed quickly and appropriately to recover the painting," After receiving the letter for Defendants' counsel, Arcature Gallery informed Plaintiff of Defendants' claim of ownership of the Botero Painting.

direct line: +1 212 848 9815
direct fax: +1 212 824 4215
e-mail: dean.nicyper@withersworldwide.com
admitted in New York

Withersworldwide
London  Geneva  Zurich  Milan  Padua
Hong Kong  Singapore  Tokyo  British Virgin Islands
New York  Greenwich  New Haven  San Francisco
Los Angeles  Rancho Santa Fe  San Diego

Withers SBL
Melbourne  Sydney

6234815v.4 NY27788/0002

Counsel for Plaintiff promptly contacted counsel for Defendants to investigate and discuss Defendants' claim of ownership. On February 7, 2018, after those discussions had taken place, counsel for Defendants sent a letter to counsel for Plaintiff stating that Defendant Felipe Grimberg "feels strongly about his right to recover the painting and has instructed us to proceed." Plaintiff provided to Defendants copies of the sales invoice for the Botero Painting, a wire transfer request, and a bank account statement showing that the amount invoiced by Cohen was paid by Plaintiff.[1] The parties, however, still could not resolve their dispute. On February 16, 2018, Plaintiff filed a Complaint to commence this action against Defendant Felipe Grimberg and his businesses.[2] In his Complaint, Plaintiff: (1) seeks a declaration that Plaintiff, and not Defendants, is the rightful and sole owner of the Botero Painting; and (2) brings a claim of disparagement of property against Defendants, based on Defendants' statements to Arcature Gallery regarding the Botero Painting.

Plaintiff's request for a declaratory judgment confirming his ownership of the Botero Painting is primarily based upon two factual issues. First, Plaintiff contends that Defendant Felipe Grimberg has stated in multiple legal filings in prior lawsuits that, in the fall of 2000, Defendant Felipe Grimberg sold the Botero Painting to Cohen in exchange for two paintings by Marc Chagall (the "Chagall Paintings"). Plaintiff alleges that in one case, Defendants claimed they were the rightful owners of the Chagall Paintings as a result of that exchange, and in the other case, Defendants were denied recovery from insurers for the Botero Paintings because they did not have an insurable interest in the painting. Plaintiff further alleges that in those same lawsuits, Defendant Felipe Grimberg stated under oath that the payment portion of the trade was completed and that he "took possession of [the Chagall Paintings]" at Cohen's New York apartment, but then chose to leave them with Cohen based upon Cohen's representations that Cohen would sell the paintings on Defendant Felipe Grimberg's behalf. Plaintiff alleges that these previous statements by Defendant Felipe Grimberg demonstrate that he sold the Botero Painting to Cohen in 2000 and, as a result, Defendants can have no legitimate claim to ownership of the Botero Painting now.

Second, Plaintiff alleges that even if Defendants could establish that Defendant's sale of the Botero Painting to Cohen was not completed in 2000, Plaintiff was a "good-faith purchaser for value" pursuant to the New York Uniform Commercial Code § 2-403. When Plaintiff purchased the Botero Painting from Cohen for a higher price than the amount Defendant was paid by Cohen, Plaintiff asserts that he had no knowledge of Defendants' existence, let alone whether they had any claim of ownership for the Botero Painting. Further, Plaintiff asserts that he did not know, and had no reason to suspect, that there was any reason why Cohen could not transfer good title to the Botero Painting. Accordingly, Plaintiff asserts that he became the rightful owner of the Botero Painting when he purchased it in 2000.

Plaintiff's second cause of action for defamation of property is based upon Defendants' statements to Arcature Gallery regarding Defendants' claim of ownership regarding the Botero Painting. Plaintiff alleges that Defendants knew that those statements were false when they were made, that those

---

[1] Plaintiff's name was redacted from the sales invoice, and account information not relevant to the Botero Painting purchase was redacted from the bank statement.

[2] Counsel for Defendants have represented that Defendant Grimberg Fine Art is a fictitious name under which Defendant Fine Art Services, Inc. does business. In response, Plaintiff explained that those two could then be considered jointly as Fine Art Services, Inc., d/b/a Grimberg Fine Art.

statements prevented Plaintiff for selling the Botero Painting, and that, therefore, Defendants' statements damaged the value of Plaintiff's property.

b. Defendants' Description

Defendant Felipe Grimberg is a contemporary art dealer in Miami, doing business through his company, Defendant Fine Arts Services, Inc. In August, 2000, he alleges he purchased the Botero Painting for $720,000 from a dealer in Italy with the intention of selling it to Cohen for $785,000. He further alleges he delivered it to Cohen in New York in early September, 2000. Cohen did not pay for the painting and then proposed a second transaction in which he would sell the Defendants the Chagall Paintings for $1,650,000, crediting against their price to the Defendants the amount he owed them for the Botero Painting. The Defendants wired Cohen the balance of $885,000. They left the Chagall Paintings with Cohen based on his claim that he had potential buyers for them. In January, 2001, Sotheby's sued Cohen for fraud, alleging damages of over $10 million. Cohen fled shortly after that and was indicted in the Southern District of New York in 2003 for fraud against multiple victims. He remains a fugitive. The Defendants lost the Chagall Paintings in an interpleader to an earlier purchaser in time from Cohen. The Defendants allege they were defrauded by Cohen in their sale to him of the Botero Painting and in the subsequent transaction.

In late December, 2017, the Defendants were contacted by Arcature Gallery, offering to sell them the Botero Painting. They recognized it as the painting which they allege was "wrongfully" taken from by Cohen in 2000. On January 5, 2018, the Defendants wrote to Arcature Gallery asserting their claim to the painting and requesting that it contact the seller (*i.e.*, the Plaintiff") to resolve the dispute. (See Exhibit 5 to Defendants' motion to dismiss, DE 15.)[3] The Defendants maintain that since Cohen procured the painting from them by fraud his title is voidable and have denied in their answer to his first cause of action that he is a good faith purchaser for value.[4] While their denial is based on "information and belief," and will be investigated further in discovery, they believe, in good faith, that there are sufficient indications from what they already know that he may not qualify as one.

Jurisdiction and Venue

Plaintiff originally commenced this action in New York Supreme Court, New York County. Defendants removed the action to this Court based on diversity of citizenship pursuant to 28 U.S. Code § 1441 and 28 U.S. Code § 1332.

Plaintiff is a citizen of the state of New York. Defendant Felipe Grimberg is domiciled in Florida, Defendant Fine Art Services, Inc. is a Florida corporation with its principal place of business in

---

[3] The letter is the basis for the Complaint's disparagement cause of action. Defendants have moved to dismiss it, in part, on the grounds that as a "rival claim" it is subject to a qualified privilege and the statements in the letter are not false.

[4] As Defendants' argue in their motion to dismiss (Memorandum, pp.5-6, 12-14, DE 15) the Plaintiff mischaracterizes in his Complaint, and, again, here, the Defendants' allegations regarding Cohen's conduct. They have consistently maintained, in the two prior litigations, as they will here, that Cohen defrauded them in their sale to him of the Botero painting.

Florida, and Defendant Felipe Grimberg Fine Art is a fictitious name under which Defendant Fine Art Services, Inc. does business. The complete diversity between Plaintiff and all of the Defendants satisfies the diversity requirements of 28 U.S. Code § 1332. The Botero Painting is alleged to have a market value of approximately $1.4-$1.5 million, which satisfies the amount in controversy requirement of 28 U.S.C. § 1332. Plaintiff asserts that venue in this District is proper pursuant to 28 U.S.C. § 1391(b). Defendants have denied in their answer to the first cause of action that the Complaint alleges venue in this District.

Contemplated and Outstanding Motions

On April 3, 2018, Defendant moved: (1) to dismiss Plaintiff's second cause of action for disparagement of property for failure to state a claim under Rule 12(b)(6); (2) to strike Plaintiff's request for a jury trial; and (3) to dismiss Defendant Felipe Grimberg Fine Art on the grounds that it is a fictitious name under which Defendant Fine Art Services, Inc. does business. Plaintiff's response to Defendants' motion is due on or before April 17, 2018.

Plaintiff is contemplating filing a motion for summary judgment against Defendants based on the undisputed evidence demonstrating Defendants' completed sale of the Botero Painting to Cohen. Defendants may similarly file a motion for partial or full summary judgment.

On April 3, 2018, Defendants also filed a letter-motion asking for an extension to file any potential counterclaims in this action "following discovery." On April 5, 2018, Plaintiffs filed a letter in opposition, and Defendants filed a reply letter.

Discovery

In response to an informal request from Defendants' counsel, Plaintiff provided Defendants with redacted documents which Plaintiff alleges are evidence of Plaintiff's purchase of the Botero Painting from Cohen in 2000 for $1,175,000. Thereafter, both parties requested that additional documents be made available informally. (See, *e.g.*, Defendants' February 7, 2018, letter, Exhibit 6, to memorandum of law, DE 15.) To date, that exchange has not taken place.

Plaintiff seeks discovery regarding, *inter alia*: (1) Defendants' prior alleged ownership of the Botero Painting; (2) Defendants' alleged sale of the Botero Painting to Cohen in exchange for the Chagall Paintings; (3) Defendants' other art transactions, communications, and relationship with Cohen; (4) documents from Defendants' prior lawsuits concerning the Botero Painting and the Chagall Paintings; and (5) any communications with third parties regarding the Botero Painting, the Chagall Paintings, and/or Cohen. Plaintiff also anticipates the need to take Defendant Felipe Grimberg's deposition.

Plaintiff believes discovery regarding issues (1), (2), (3), and (4), at a minimum, will be needed for meaningful settlement negotiations.

The Defendants seek discovery, *inter alia*, of the Plaintiff's transactions with Cohen, which include other purchases, other related litigation in which he has been involved and his efforts to sell the

painting. They anticipate the need to take the Plaintiff's deposition, among others. They agree that further discovery is required for meaningful settlement negotiations.

Prior Settlement Discussions

The parties have engaged in several discussions regarding possible settlement, but have not reached a settlement.

Estimated Length of Trial

The parties estimate that a trial in this lawsuit may take approximately five (5) days.

Other Information that May Assist the Court

From Plaintiff's perspective, this case concerns: (1) whether or not Defendants completed their sale of the Botero Painting to Cohen in 2000; and (2) Defendants' arguments regarding whether or not Plaintiff was a "good-faith purchaser for value" when he purchased the Botero Painting from Cohen in 2000. Plaintiff asserts that if either question is answered in the affirmative, Plaintiff will completely prevail in this case. Further, Plaintiff asserts that if Defendants are found to have sold the Botero Painting to Cohen in 2000, Defendants would have no claim of ownership of the Botero Painting, regardless of the circumstances of Plaintiff's good faith purchase of it.

It is the Defendants' view that the Plaintiff's above-described perspective misconstrues the applicable law and ignores relevant facts. The Defendants maintain that the alleged fact that Cohen procured the sale by fraud is relevant as it renders his title voidable and, accordingly, Plaintiff only prevails if the facts also show he is a good faith purchaser for value. Defendants assert that if the Defendants' arguments on the facts and the law prevail, they will be entitled to regain possession and lawful title to the painting.

Respectfully Submitted,

| MOSCOWITZ & MOSCOWITZ, P.A. | WITHERS BERGMAN LLP |
|---|---|
| By: _Norman A. Moscowitz /s/_ | By: _[signature]_ |
| Norman A. Moscowitz | Dean R. Nicyper |
| 201 Alhambra Circle, Suite 1200 | 430 Park Avenue |
| Coral Gables, FL 33134 | New York, New York 10022 |
| Tel: 305-379-8300 | Tel: 212-848-9800 |
| *Attorneys for Defendants* | *Attorneys for Plaintiff Steve Berkson* |
| *Felipe Grimberg, Felipe Grimberg* | |
| *Fine Art, and Fine Arts Services, Inc.* | |